# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD FOUNDATION
1333 H St. NW
Washington, DC  20005,

    *Plaintiff*,

    v.

UNITED STATES DEPARTMENT OF
    VETERANS AFFAIRS
810 Vermont Ave. NW
Washington, DC  20420,

    *Defendant.*

Case No. 18-cv-2346

## COMPLAINT

1.    Plaintiff Democracy Forward Foundation brings this action against Defendant the United States Department of Veterans Affairs ("VA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA").  Defendant has failed to sufficiently respond to Plaintiff's FOIA request for records that relate to the role of non-governmental individuals in top-level decisionmaking at the VA.  Plaintiff therefore respectfully requests that the Court compel Defendant to comply with the FOIA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part by educating the public on government actions and policies.

5. Defendant the VA is a federal agency within the meaning of the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Washington, D.C. The VA has possession, custody, and control of records to which Plaintiff seeks access.

## FACTUAL ALLEGATIONS

6. On September 3, 2018, Plaintiff sent a FOIA request to the VA concerning the role of non-governmental individuals in top-level decision-making at the agency. Plaintiff requested the following categories of records from the VA:

   1. All communications, calendar entries (including any associated attachments or notes), call sheets, visitor logs, and meeting minutes or notes reflecting meetings or communications between any of (a) David Shulkin, Robert Wilkie, Peter O'Rourke, Thomas Bowman, Scott Blackburn, Camilo Sandoval, or Pamela J. Powers; and any of (b) Isaac "Ike" Perlmutter, Laura Perlmutter, Bruce Moskowitz, Aaron Moskowitz, Marc Sherman, Thomas "Jake" Leinenkugel, or individuals with email addresses ending in "@frenchangel59.com."

   2. All communications, calendar entries (including any associated attachments or notes), call sheets, visitor logs, and meeting minutes or notes containing any of the following terms: Ike, Perlmutter, Moskowitz, or Sherman.

      Please limit this search to the Office of the Secretary.

   3. All communications, calendar entries (including any associated attachments or notes), call sheets, visitor logs, and meeting minutes or notes containing any of the following terms: Ike, Perlmutter, Moskowitz, Sherman, frenchangel59.com, American College of Surgeons, ACS, or Zinner.

2

   Please limit this search to the following VA employees: David Shulkin, Robert Wilkie, Peter O'Rourke, Thomas Bowman, Scott Blackburn, Camilo Sandoval, Pamela J. Powers, William Gunnar, Carolyn Clancy, Clifford Ko, and David Hoyt.

4. All communications, calendar entries (including any associated attachments or notes), call sheets, visitor logs, and meeting minutes or notes containing any of the following terms: Ike, Perlmutter, Moskowitz, Sherman, Apple, app for veterans, mobile application, mobile app, or Aaron.

   Please limit this search to the following VA employees: David Shulkin, Robert Wilkie, Peter O'Rourke, Thomas Bowman, Scott Blackburn, Camilo Sandoval, Pamela J. Powers, Richard Stone, Melissa Glynn, and John Windom.

5. All communications, calendar entries (including any associated attachments or notes), call sheets, visitor logs, and meeting minutes or notes that include any of the following terms: (a) Ike, Perlmutter, Moskowitz, Sherman, or frenchangel59.com; and that also include any of the following terms: (b) electronic health records, EHR, interoperability, or Cerner.

   Please limit this search to the Office of Electronic Health Record Modernization, the Veterans Health Administration, and the Office of Information and Technology.

6. All emails sent or received by Genevieve Morris and Ash Zenooz containing any of the following terms: Cerner, privatize, privatization, White House, Trump, Ike, Perlmutter, Moskowitz, Sherman, or frenchangel59.com.

7. All records or communications concerning the VA final rule *VA Claims and Appeals Modernization*, 83 Fed. Reg. 39818 (Aug. 10, 2018), where any of the following individuals are included or mentioned: Isaac "Ike" Perlmutter, Laura Perlmutter, Bruce Moskowitz, Aaron Moskowitz, Marc Sherman, or individuals whose email address ends in "@frenchangel59.com."

   Please limit this search to the Veterans Benefits Administration.

8. All records or communications concerning the Federal Advisory Committee Act where any of the following are included or mentioned: Isaac "Ike" Perlmutter, Laura Perlmutter, Bruce Moskowitz, Aaron Moskowitz, Marc Sherman, or individuals whose email address ends in "frenchangel59.com."

   Please limit this search to the Office of the Secretary and the Office of General Counsel.

   For all items, please search for records created between January 20, 2017 and the present.

Ex. A at 1-3.

   7.   Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires a fee waiver if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* Ex. A at 3-4.

   8.   On September 17, 2018, the VA's FOIA Service acknowledged having received Plaintiff's September 3, 2018 FOIA request.

   9.   On September 18, 2018, the VA's Veterans Health Administration acknowledged having received Plaintiff's September 3, 2018 FOIA request, and notified Plaintiff that the Veterans Health Administration had assigned the request tracking number 18-12530-F. The Veterans Health Administration further informed Plaintiff that "the records that [Plaintiff] requested also fall under the cognizance of the following offices," with associated tracking numbers: Office of Assistant Secretary for Information and Technology (18-12525-F), Veterans Benefits Administration (18-12529-F), Office of the Secretary (18-12527-F), Office of Enterprise Integration (18-12714-F), Office of General Counsel (18-12531-F), and Office of Electronic Health Record Modernization (18-12715-F).

   10.   On September 19, 2018, the VA's Office of General Counsel, Management Planning & Analysis acknowledged having received Plaintiff's September 3, 2018 FOIA request, and notified Plaintiff that the Office of General Counsel had assigned the request tracking number 18-12531-F.

11.     On October 2, 2018, the VA's Veterans Health Administration informed Plaintiff that, as to the portions of Plaintiff's FOIA request to which the Veterans Health Administration will respond, the Veterans Health Administration would deny Plaintiff's request for a fee waiver.

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

12.     Plaintiff repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13.     As of the date of this Complaint, Defendant has failed to produce all records requested by Plaintiff in its September 3, 2018 FOIA request or to demonstrate that such records are lawfully exempt from production.  *See* 5 U.S.C. § 552(a)(6)(C).  Nor has Defendant notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed Plaintiff that it may appeal any adequately specific, adverse determination.

14.     By failing to respond to Plaintiff's request within the statutorily prescribed time limit, Defendant has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

15.     Plaintiff is being irreparably harmed by Defendant's violation of the FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

4. order Defendant to grant Plaintiff's request for a fee waiver;

5. grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated:  October 11, 2018                                  Respectfully submitted,

/s/ *Adam Grogg*
Adam Grogg (D.C. Bar No. 1552438)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
1333 H St. NW
Washington, DC  20005
(202) 448-9090
agrogg@democracyforward.org
jguzman@democracyforward.org

*Counsel for Plaintiff*